**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

April 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JANICE L. PALICKA,**
**Claimant Below, Petitioner**

**vs.) No. 12-0786** (BOR Appeal No. 2046623)
           (Claim No. 950031088)

**WHEELING HOSPITAL, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Janice L. Palicka, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Hospital, Inc., by Jennifer B. Hagedorn, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 1, 2012, in which the Board affirmed an October 28, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 28, 2011, decision denying Ms. Palicka's request to add the diagnoses of lumbosacral spondylosis, lumbosacral disc degeneration, sprain of the back, and spondylolisthesis, as additional compensable components in her claim, affirmed and the claims administrator's May 26, 2011, decision denying her request for a neurosurgical consultation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Palicka was employed by Wheeling Hospital, Inc. as a licensed practical nurse when she sustained an injury to her lower back on December 23, 1994, while assisting a patient into bed. Ms. Palicka's claim was held compensable for thoracic sprain, neck sprain, sacroiliac sprain, lumbar sprain, and dysthymic disorder. On March 15, 2011, Ms. Palicka requested a neurosurgical consultation. Ms. Palicka then requested to add lumbosacral spondylosis, lumbosacral disc degeneration, sprain of the back, and spondylolisthesis, as additional compensable components in her claim on March 19, 2011. The claims administrator denied the

1

neurosurgical consultation because its necessity was unrelated to the occupational injury. The claims administrator denied adding the requested conditions by finding that the conditions were not causally related to the compensable injury.

The Office of Judges affirmed the claims administrator's decision and held that Ms. Palicka did not develop lumbosacral spondylosis, lumbosacral disc degeneration, sprain of the back, or spondylolisthesis in the course of or as a result of her employment and that a neurosurgical consultation is not medically related or reasonably required for the treatment of her December 23, 1994, occupational injury. Ms. Palicka disagrees and asserts that given the early MRI reports of disc herniation, the denial of the requested diagnoses for the lumbar spine and the denial of the referral to a neurosurgeon were unreasonable. Additionally, Ms. Palicka asserts that the lower tribunals erred in failing to resolve any conflict in the evidence in her favor. Wheeling Hospital, Inc. maintains that Ms. Palicka is not entitled to the additional requested diagnoses as compensable components because the diagnoses are not related to her original compensable injury. Wheeling Hospital, Inc. further maintains that Ms. Palicka is not entitled to a neurosurgical consultation because it has been requested for conditions that are not related to the compensable injury and therefore, is not medically necessary and reasonably required medical treatment.

The Office of Judges noted that the MRI dated August 23, 1995, showed low back degenerative changes and that Christopher Marquart, M.D., noted in 1997 that the degenerative changes of the lumbar spine appeared to have developed over a long period of time. Gabrielle Sella, M.D. indicated on March 11, 2005, that it could not be said that Ms. Palicka's degenerative conditions were caused by the occupational injury, but that the conditions should be added to the claim because Ms. Palicka stated that she did not have any neuromuscular symptoms prior to the injury. Mark Kenamond, M.D., and Kenneth Writesel, D.O., found that Ms. Palicka's sixteen-year-old claim should have resolved long ago. Pursuant to West Virginia Code of State Rules § 85-20-37.5 (2006), the estimated duration of care for low back sprain is zero to four weeks, not to exceed eight weeks. The Office of Judges concluded that Ms. Palicka had not shown that her case is extraordinary, thereby justifying deviation from West Virginia Code of State Rules § 85-20-37.5. The Office of Judges held that Ms. Palicka did not develop lumbosacral spondylosis, lumbosacral disc degeneration, sprain of the back, or spondylolisthesis in the course of or as a result of her employment and that a neurosurgical consultation is not medically related or reasonably required for the treatment of her December 23, 1994, occupational injury. The Board of Review reached the same reasoned conclusions in its decision of June 1, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **April 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II